**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC CRISS, | Civil No.: 04-2244 (PGS) |
| Plaintiff, | |
| v. | |
| JAMES COSGROVE, et als. | **OPINION** |
| Defendants. | |

SHERIDAN, U.S.D.J.

Plaintiff, Eric Criss (a/k/a Tariq Samaad), seeks compensatory and punitive damages for an alleged illegal search and seizure conducted by Newark Police Officers on July 22, 2002.  By way of a five-count Amended Complaint, plaintiff seeks unspecified damages pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 for the alleged violations of his Constitutional rights under the 4th, 5th and 14th Amendments.  Plaintiff alleges that defendants' search and seizure was unreasonable, and done without a proper warrant or probable cause.  Plaintiff now moves for partial summary judgment as to the First (unreasonable search and seizure, false arrest, and false imprisonment) and Third Counts (falsification of documents) of his Amended Complaint.  Additionally, plaintiff moves to strike defendants affirmative defense of qualified immunity.  Defendants move for summary judgment as to all counts.

***Facts***:

Plaintiff, a forty-two year old African American male, was arrested by members of the Newark Police Department on July 22, 2002 for violation of N.J.S.A. 2C:39-5(b), knowingly having a handgun in his possession without first obtaining a permit to carry it. The circumstances surrounding the search and arrest are in dispute. Plaintiff alleges he was outside his vehicle at 45 North 6th Street in Newark, New Jersey, talking to a neighbor when he was approached by officers, including defendants. According to plaintiff, the officers asked their names and began searching them, found plaintiff's car keys, entered plaintiff's vehicle, found a firearm and an envelope full of payroll checks. Defendants simply state that the circumstances leading up to the search are in dispute, but that the search turned up a handgun in the center console of plaintiff's vehicle, which plaintiff claimed belonged to a man that he did not know, but that plaintiff was driving around in his vehicle earlier that day.

After posting $100,000 bail, plaintiff was released by the Superior Court of New Jersey on or about July 25, 2002. Plaintiff had been convicted of an unrelated crime punishable by imprisonment for a term exceeding one year in a court in the State of New Jersey prior to his July 22, 2002 arrest. The Federal Bureau of Investigation ("FBI") arrested plaintiff on December 11, 2002 based on an open investigation on "Tariq Samaad" (plaintiff's alias) involving counterfeit checks, false identifications, credit card fraud and the fact that he was in possession of a firearm, after his prior felony conviction, at the time he was picked up by the Newark Police on July 22, 2002. (Transcript of Suppression Hearing from September 3, 2003 ("T3."), p. 14, l. 10-19.) On December 16, 2002, United States Magistrate Judge Mark Falk granted the Government's motion to detain plaintiff without bail pending a trial. Also on December 16, 2002, plaintiff was indicted

by a federal grand jury for knowingly possessing a firearm having been convicted of a crime punishable by imprisonment exceeding one year in a court in the State of New Jersey.

On January 13, 2003, Judge Falk denied plaintiff's application for a bail hearing.  On September 3 and 4, 2003, United States District Judge William Bassler heard and granted plaintiff's motion to suppress the evidence obtained as a result of the search and seizure of plaintiff's automobile that occurred on July 22, 2002.  At the suppression hearing, Defendant Cosgrove's account of the events leading to the search was that plaintiff was seated in the vehicle and pulled the gun from under his shirt when the police approached.  In suppressing the evidence from the search Judge Bassler found, "clear contradiction between Officer Cosgrove's testimony and Manata's." (Transcript of Suppression Hearing from September 4, 2003 ("T4."), p. 132, l. 17-18.)  The Court also found that Criss' version of events to be credible given the totality of the circumstances and what the Court considered "a fabricated story by Detective Cosgrove."  (T4, p. 134-5.)  As of the suppression hearing, Plaintiff had spent nine to ten months in jail following his arrest by the FBI. On September 10, 2003, Judge Falk issued an order releasing plaintiff from the Hudson County jail and on September 12, 2003, plaintiff was released.  Judge Bassler signed an Order dismissing all charges against plaintiff on September 19, 2003.

Plaintiff commenced this action against the Newark Police Department detectives that conducted the search, seizure and arrest on July 22, 2002.  The instant complaint was filed on May 14, 2004 and an Amended Complaint was filed on July 29, 2005.

I.

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving

party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgement. *Anderson*, 477 U.S. at 247-48.

## II.

As stated above, Plaintiff moved for summary judgment on the First and Third Counts of the Amended Complaint alleging unlawful search, seizure and false arrest, as violations of his rights

4

under the 4th, 5th and 14th Amendments to the Constitution.  Plaintiff wishes to employ the doctrine of offensive collateral estoppel so as to bar the defendants from re-litigating probable cause for the search and seizure of the weapon and his subsequent arrest on July 22, 2002. Differently stated, Plaintiff believes that Judge Bassler's finding during the suppression hearing on September 3- 4, 2003 were findings of law that cannot be re-litigated. Plaintiff relies heavily on his contention that Judge Bassler's suppression of the evidence is sufficient to establish that the defendants lacked probable cause and that this finding is sufficient to grant summary judgement to the Plaintiff for the First and Third Count of the Amended Complaint.

Plaintiff moved for and was granted an  order suppressing the evidence obtained as a result of the illegal search and seizure of plaintiff, and his automobile that occurred on July 22, 2002. On September 4, 2003, after a two-day hearing Judge Bassler granted the motion to suppress the evidence on the basis that the officers, Cosgrove and Manata lacked credibility.  (Transcript of Suppression Hearing from September 4, 2003 ("T4."), p. 132, l. 17-18.) Defendants' contend that the doctrine of offensive collateral estoppel or issue preclusion is not applicable because two of the four requisite elements have not been established by plaintiff, i.e., privity between the parties and a full and fair opportunity to litigate the issue by the party in which  preclusion is asserted against, here the defendants.  (Defs.' Br. At 5-9)

There is no dispute among the parties that the doctrine of offensive collateral estoppel or issue preclusion is applicable to §1983 actions. (Defs. Br.at 5; Pl. Br.at 2,3) *Allen v. McCurry*, 449 U.S. 90, 104, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Smith v. Holtz*, 210 F.3d 186, 199-200 n. 18 (3d Cir. 2000); *Skunda v. Pennsylvania State Police*, 47 Fed.Appx. 69 Not Precedential (Aug. 13, 2002); *Sibert v. Phelan*, 901 F.Supp. 183, 187 (D.N.J. 1995) Moreover, it is well-settled that the trial courts

5

have "broad discretion to determine when it should be applied." *Parklane v. Hosiery Co., v. Shore*, 439 U.S. 322, 331 (1979) Offensive collateral estoppel "occurs when the plaintiff seeks to foreclose defendant from litigating an issue defendant has previously litigated unsuccessfully in an action with another party." *Id.*at 326.

The Third Circuit has held that issues are barred from re-litigation where: "(1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action."*Jones v. United States Parcel Service*, 214 F.3d 402, 405-6 (3d Cir.2000); *Dam Things From Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 559 n.15 (3d Cir. 2002); *Sibert*, 901 F.Supp. at 186. *citing Board of Trustees of Trucking Employees of North Jersey Welfare Fund Inc., v. Centra*, 983 F.2d 495, 505 (3d Cir.1992) Further the issue upon which preclusion is sought must have been "distinctly put into issue and directly determined adversely to the party against which estoppel is asserted." *Id*. Issue preclusion does not apply "in cases in which a convicted defendant sues the government on a claim that is inconsistent with facts established by the conviction." *Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction* §4474. The only elements in dispute by the parties are whether the defendants were in privity with the United States prosecutor for plaintiff's criminal hearing and whether they had a full and fair opportunity to litigate the issue during the hearing.

The Third Circuit has discussed at length  privity in the context of issue preclusion, albeit not in this particular context.  The Third Circuit has held  that "[privily is a 'word used to say that the relationship between the one who is a party on the record and another is close enough' to stop a non-

party." *Collins v. E.L. Dupont de Nemours & Co.,* 34 F.3d 172, 176 (3d Cir.1994). A relationship is usually considered to be sufficiently close "only when the party is a virtual representative of the non-party, or when the non-party actually controls the litigation." *Id.* Virtual representation is determined by what obligation if any the representing party had to safeguard the interests of the non-party. *Id.*at 176-177. The Restatement, Judgments 2d, §39 explains privity in this way, "when there is such an identification of interest between the two as to represent the same legal right, or if a person who is not a party controls or substantially participates in the control of the presentation on behalf of the party."

Plaintiff relies upon the case *Shadis v. Beal*, 520 F.Supp. 858, 861 (E.D. Pa. 1981) to support his contention that the defendants shared a common interest with the United States prosecutor in establishing probable cause to support the seizure of the weapon and the subsequent arrest. Plaintiff argues that this shared interest is sufficient to establish privity between defendants and the United States prosecutors office.  In *Shadis*, plaintiffs were seeking to use offensive collateral estoppel to prevent the defendants employees of a Pennsylvania state agency from re-litigation the issue of attorneys fees under a specific contract for services in a civil rights action. *Id.*at 861. Previously, plaintiffs successfully litigated the same issue in a civil rights action against the Commonwealth of Pennsylvania.  The *Shidas* court determined that privity did exist between the Pennsylvania state employees and the Commonwealth of Pennsylvania due to the fact that the current defendants were employees of agencies of the Commonwealth and that the Commonwealth was interested in the outcome of the litigation involving the various agencies. The court further reasoned that the Commonwealth was aware this issue could come up in subsequent litigation against the agencies and had a full opportunity to litigate it in the prior action. *Id.*  This case is distinctly different from the

instant matter in which plaintiff seeks to stop defendant officers from re-litigating the issue of probable cause in a civil action following a criminal hearing. The *Shidas*, court did not discuss or analyze the relationship between arresting officers and the prosecuting government in a criminal hearing and a subsequent civil rights action.   Plaintiff fails to offer any support for his contention that a shared interest in the outcome of the criminal hearing was sufficient to establish both privity and that the defendant officers had a fair and full opportunity to litigate the issue of probable cause.

Defendants correctly argue that as they are now sued in their individual capacity they were not in privity with the United States prosecutor in the previous action and did not have a full and fair opportunity to litigate the issue during the suppression hearing. Defendants contend that they did not control or dictate the course of the criminal proceedings, they merely acted as witnesses,  nor were they represented by the Government for the hearing. (Def. Br.at 9)

One case within the Third Circuit, although not squarely on point, supports defendants' contention that there is a lack of privity and opportunity to litigate,  *Smith v. Holtz*, 30 F.Supp.2d 468 aff'd by 210 F.3d 186, 199-200 n. 18 (3d Cir. 2000)*.*   In *Smith*, the plaintiff after reversal of his murder conviction brought suit against a variety of defendants involved in his conviction including the State Police. Plaintiff sought to use offensive collateral estoppel to prevent officers from re-litigating the constitutionality of arrest, search and seizures of items from the plaintiff.  The *Smith* court held that the state decision could not be used to preclude the defendants from re-litigating the constitutionality of the arrest, as the officers were not in privity with the prosecutor.

The *Smith* court reasoned that officers have no control nor substantial participation over a criminal prosecution. Moreover, the prosecutor does not represent the officer in a criminal

suppression hearing, he/she represents the interests and rights of the Government.[1]  Further, "privity within the meaning of issue preclusion is privity as it exists in relation to an identity of interests in the subject matter of the litigation." *quoting Duncan v. Clements*, 744 F.2d 48 (8th Cir. 1984)(holding that police officer who conducted search was not collaterally estopped from  re-litigating the issue of probable cause as he was not in privity with the state for the prosecution); *citing* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper Federal Practice and Procedure §4458 at 508 (1981); *see Morgan v. Gertz*, 166 F.3d 1307, 1309 (10th Cir. 1999)(holding that defendant officers sued in their individual capacities are not in privity with the government in a prior criminal prosecution for purposes of issue preclusion); *Bilida v. McCleod*, 211 F.3d 166, 170 (1st Cir. 2000) (holding privity is absent between officers and the state for criminal prosecutions due to distinct interests of the state and officers and that officers have little to no over the criminal proceeding); *see also Tierney v. Davidson*, 133 F.3d 189, 195-6(2d Cir.1998); *Davis v. Eide*, 439 F.2d 1077, 1078 (9th Cir.1971)(holding that adverse rulings in criminal action did not preclude defendant police officers from litigating lawfulness of search in civil action). The Third Circuit, affirmed the lower court's finding primarily on other grounds, but did note that issue preclusion would have also been barred due to a lack of privity between the defendant officers and the prosecuting Government. *Smith*, 210 F.3d at 479 n. 18. Plaintiff also argues that allowing the defendants to falsely testify again would be unfair. This arguments fails to recognize that the Supreme Court, in *Parklane* instructed the courts

---

[1] The *Smith* court quoted the following with regard to a criminal proceeding: "[T]he purpose of a criminal court is not to provide a forum for the ascertainment of private rights. Rather it is to vindicate the public interest in the enforcement of the criminal law while at the same time safeguarding the rights of the individual defendant." *Smith*, 30 F.Supp.2d at 475. *Quoting Standefer v. United States,* 447 U.S.10, 25, 100 S.Ct. 1999, 2008, 64 L.Ed.2d 689 (1980)

in weighing fairness considerations to ensure that application of issue preclusion does not work unfairly against the party whom estoppel is sought, not the party seeking estoppel. *Raytech Corp., v. White*, 54 F.3d 187, 190 (3d Cir. 1995).

Plaintiff has failed to establish the elements of privity and the full and fair opportunity to litigate the issue by the defendants. Consequently, plaintiff's request to preclude the defendants from re-litigating the issue of probable cause is denied.  As plaintiff relied only upon the establishment of probable cause by way of issue preclusion to support his partial summary judgment motion for the First and Third Counts, this motion must be denied for the reasons set forth above.

III.

Defendants moved for summary judgment dismissing plaintiffs' Amended Complaint in its entirety based on the plaintiff's failure to state a claim upon which relief can be granted or in the alternative that qualified immunity bars the claims.

With regard to the  illegal search and seizure, defendants argue that they are entitled to summary judgment on the illegal search and seizure claim for failure to state a claim upon which relief can be granted.  Plaintiff's damages stem from his confinement following the July 22, 2002 and December 11, 2002 arrests. Defendants argue that §1983 does not permit recovery for damages stemming from criminal conduct discovered by  police officers during an unconstitutional search. *Hector v. Watt*, 235 F.3d 154, 158-160 (3d Cir.2001)(holding that damages for illegal search and seizure must be directly related to the invasion of their privacy); *citing Townes v. City of New York*, 176 F.3d 138, 145,148 (2d Cir.1999)("The evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all.").

Plaintiff argues that Judge Bassler found that the Defendant Cogrove fabricated evidence, and that this finding makes the holding in *Hector* inapplicable. (T4, p. 134-5) Further plaintiff cites to the case *Carter v. Georgevich*, 78 F.Supp.2d 332 (D.N.J.2000) for the proposition that he can collect damages for his incarceration solely on the basis of an illegal search. While the Third Circuit in *Hector* specifically rejected the *Carter* court's reasoning, it did decline to extend its holding in *Hector* to a matter where the plaintiff in a §1983 action was a victim of fabricated evidence. Plaintiff has failed to set forth any evidence other that Judge Bassler's credibility findings on the issue of fabricated evidence in the underlying action. In *Hector*, the Third Circuit found that "victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy-including, where appropriate physical injury, property damage, injury to reputation, etc.," In accordance with *Hector*, and to the extent plaintiff is able to prove the existence of such damages, plaintiff may recover for any physical damages or other damages related to invasion of privacy for Count I's illegal search and seizure claims. Accordingly, summary judgment dismissing Count I with regard to illegal search and seizure aspect is denied; however, recovery is limited to damages which comply with *Hector*.

In Count I plaintiff also alleges false arrest and false imprisonment claims against the defendants. Defendants argue that they are entitled to qualified immunity for the false arrest and false imprisonment claims as probable cause existed for the arrest, as such there was no constitutional violation independent of the search.

To determine whether qualified immunity is applicable the court must engage in a two-prong inquiry, (1) whether the facts, taken in the light most favorable to the plaintiff, demonstrate a constitutional violation; and (2) if so, whether the constitutional right in question was clearly

11

established. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir.2002) (citing *Saucier v. Katz*, 533 U.S. at 201, 121 S.Ct. 2151, 150 L.Ed.2d 272). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151. "If the officer's mistake as to what the law requires is reasonable," the officer is entitled to qualified immunity. *Id.* at 205. Stated differently, before engaging in a determination of whether a right is clearly established, the Court must first determine whether a constitutional violation has occurred, because "[i]f the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; and the officer is entitled to qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001); *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir.2004) The Third Circuit has held a decision on qualified immunity is premature where there are unresolved disputes of historical fact which are relevant to the immunity analysis. *Curley v. Klem*, 298 F.3d 271 (3d Cir. 2002)

It is well-settled law that when probable cause is absent from an arrest then a plaintiff can assert a §1983 claim for false arrest and false imprisonment based upon the detention period. *Ramirez v. U.S.*, 998 F.Supp. 425, 430 (D.N.J. 1998) Therefore, a defense to a false arrest claim is the establishment of probable cause. *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). Probable cause for an arrest exists, when "the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent man in believing a crime had been committed" *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995); Particularly, applicable here the Third Circuit has held that the lawfulness of a search for a §1983 suit must be examined independently from the lawfulness of the arrest. *Sharrar v. Felsing*, 128 F.3d 810,

823, (3d Cir. 1997) In reviewing the facts in a light most favorable to the plaintiff, the court must look to the "totality of the circumstances" and determine whether the "objective facts available to the officers at the time of the arrest were sufficient to justify a reasonable belief that an offense [had been] committed." *Id*.at 818.

The circumstances surrounding the arrest are in dispute. Plaintiff states that he drove his vehicle, a Cadillac Navigator, to 45 North 6th Street, Newark. He parked the vehicle, exited the car and began a conversation with a Michael Gayles. At this point, a SWAT team arrived and entered one of the houses located on the street. Officers from the team then proceeded to ask plaintiff his name, search him and upon discovery of the keys, pressed the alarm button to locate the vehicle that belonged to plaintiff. The officers then searched the vehicle and discovered the firearm, cash and payroll checks. While the defendants contend that plaintiff had parked the Navigator, he did not exit the vehicle, and that Michael Gayles was also in the vehicle. At this point, defendant officers stated that plaintiff placed a firearm in the center console. In short, the point in time in which the officers could reasonably suspect that a crime was being committed is contested. Consequently, a decision on qualified immunity will be premature as there are unresolved disputes of historical fact regarding the arrest. The claim for summary judgment on this count is denied.

In Count III of plaintiff's complaint he alleges that the defendants falsified documents and testimony in an attempt to establish probable cause for his search and arrest. Defendants contend that plaintiff has failed to set forth a cause of action under §1983. While the issue of whether there was false testimony or false allegations may be a component of a malicious prosecution claim or in the instant matter a component for a false arrest or unlawful search and seizure claim, such a claim standing alone does not implicate constitutionally protected right, for purposes of §1983. *Winn v.*

13

*McQuillan et al.*, 390 F.Supp.2d 385.(dismissing plaintiff's claim based upon false testimony before Grand Jury and jury trial for an alleged violation of plaintiff's 14th Amendment as the Court was not aware of any authority for such a claim standing alone implicated a constitutionally protected right.[2] Thus, this count is dismissed.

Count II of plaintiff's complaint alleges denial of the equal protection of the law pursuant to §1983 for racial profiling. Count IV of the complaint alleges that defendants conspired to do so, with Count V seeking costs and fees pursuant to 42 U.S.C. §1988 for all the Counts. To state a claim for racial profiling the plaintiff must establish the following: (1) that the officer's actions had a discriminatory effect and (2) those actions were motivated by a discriminatory purpose. *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2005); *Jacobs v. City of Bridgeton*, 2006 WL 3496852 *5 (D.N.J. Dec. 04, 2006) Taking the allegations in the light most favorable to the party opposing the motion, plaintiff fails to even allege that the defendant officers' actions had a discriminatory effect or were motivated by a discriminatory purpose. Plaintiff does not oppose dismissal of Count II. (Pl. Br.at 13) Consequently, the claims regarding a conspiracy to carry out an equal protection violation and the corresponding damages must be dismissed.

---

[2] While the court in *Molina v. City of Lancaster,* 159 F.Supp.2d 813 (2001), stated that there was a right to be free from the fabrication of evidence and the falsification of documents this was also in the context of a clearly established malicious prosecution claim, which is distinguishable from a claim asserting a constitutional right to be free from false statements or fabricated evidence. In both *Winn* and *Molina*, the tool allegedly used by the defendants to deprive plaintiff of a clearly established constitutional right (e.g., the right to be free from an unlawful search and seizure) was the alleged falsification. This is distinct from finding that a plaintiff has a constitutional right to be free from false statements or documentation. Further, plaintiff does not appear to be alleging that he has a right to be free from false statements, but rather the allegedly false statements of the Defendants Cosgrove and Manata were employed to violate his constitutionally protected rights against false arrest, unlawful search and seizure.

The conspiracy claims pursuant to 42 U.S.C. §§ 1985 and 1986 related to the alleged illegal search, seizure, arrest and subsequent imprisonment of plaintiff must also fail. To assert a claim pursuant to 42 U.S.C. §§ 1985(3) that plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Laufgas v. Bramson*, 2006 WL 1805884, *6 (D.N.J. June 29, 2006); *see also, Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Viewing the allegations in the complaint in the light most favorable to the plaintiff, there is no support for a conspiracy claim against the defendants because plaintiff has failed to even allege the existence of a conspiracy, an act in furtherance of such a conspiracy or that any such conspiracy was motivated by race. Further, as §1986 is based upon an individual knowingly permitting or failing to prevent a conspiracy as set forth in §1985(3) this count too must fail. Consequently, Counts II, III, and IV of the Amended Complaint are dismissed.

Based on the foregoing, plaintiff's motion for partial summary judgment on Counts I and III of the complaint based upon the application offensive collateral estoppel is denied. Defendants' cross-motion for summary judgment dismissing Counts II, III, and IV is granted; but denied as to Count I and to the extent applicable Count V.

February 16, 2007                                   S/ *Peter G. Sheridan*
                                                    PETER G. SHERIDAN, U.S.D.J.

16